**NO. 24-5110**

---

IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

Tami M. Dixon,

Appellant,

v.

Janet L. Yellen, in her official capacity, Department of Treasury, et al.,

Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

# APPELLANT'S REPLY

---

Theresa Dawn Truitt Kraft
Wilt Toikka Kraft, LLP
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (603) 568-2464
tkraft@wtk-law.com

# TABLE OF CONTENTS

**I. ARGUMENT ........................................................................... 1**

A. PLAINTIFF-APPELLANT HAS STATED A CLAIM FOR DISCRIMINATION UNDER TITLE VII. 2

B. PLAINTIFF-APPELLANT HAS STATED A CLAIM OF DISCRIMINATION UNDER THE REHABILITATION ACT. ........................................................................... 6

**II. CONCLUSION ........................................................................... 9**

*CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a) ........................................................................... 10*

*CERTIFICATE OF SERVICE ........................................................................... 11*

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)....................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 556 (2007). ................................5

*Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1739 (2020).........................7

*Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014)........................................5

*Buie v. Berrien*, 85 F. Supp. 3d 161, 172 (D.D.C. 2015).........................................12

*Chambers v. District of Columbia*, 35 F.4th 870, 874–75 (D.C. Cir. 2022) (en banc)....................................................................................................6

*Di Lella v. Univ. of D.C. David A. Clarke Sch. of L.*, 570 F. Supp. 2d 1, 8 (D.D.C. 2008). ..................................................................................................11

*Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 102 (D.D.C. 2021) .........5

*Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011).......................................5

*Holmes v. Wash. Metro. Area Transit Auth.*, No. 22-cv-1478, 2024 WL 864217, at *9 (D.D.C. Feb. 29, 2024) ....................................................................7

*Jbari v. District of Columbia*, 304 F. Supp. 3d 201, 209 (D.D.C. 2018)...................6

*Keith v. U.S. Gov't Accountability Off.*, No. 21-cv-2010, 2022 WL 3715776, at *3 (D.D.C. Aug. 29, 2022)....................................................................5

*Keith*, 2022 WL 3715776, at *3. ...........................................................................5

*McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016)...................5

*Menoken v. Dhillon*, 975 F.3d 1, 7 (D.C. Cir. 2020)........................................11

*Montgomery v. McDonough*, 682 F. Supp. 3d 1, 11 (D.D.C. 2023)..........................6

*Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 96 (D.D.C. 2021)..................12

*Solomon v. Vilsack*, 763 F.3d 1, 5 (D.C. Cir. 2014)..............................................10

*Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)..................4

*Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)..............................................4

*Yazzie v. Nat'l Org. for Women*, 712 F. Supp. 3d 56, 79 (D.D.C. 2024)....................6

Statutes

42 U.S.C. § 2000e-16(a)..........................................................................................6

29 U.S.C. § 794(a)....................................................................................................10

42 U.S.C. § 12111(9)................................................................................................11

42 U.S.C. § 2000e-2(m) ...........................................................................................7

Rules

8(a)(2)......................................................................................................................4

12(b)(6).................................................................................................................4, 5

## I. ARGUMENT

The District Court erred by granting Defendant-Appellees' motion to dismiss by holding Appellant to a higher standard than required under to survive a motion to dismiss under Rule 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court presumes the truth of the complaint's factual allegations under Rule 12(b)(6), *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), but need not "accept as true 'a legal conclusion couched as a factual allegation,'" nor "inferences [that] are unsupported by the facts set out in the complaint," *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (citations omitted). Generally, the Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Appellant's complaint does contain sufficient factual matter, which, if accepted as true would absolutely state a claim to relief that is plausible on its face.

If this standard is met, then even if a case strikes a judge as unlikely to succeed and having a remote chance of recovery, the motion to dismiss should be denied, as Rule 12(b)(6) does not impose a probability requirement at the pleading stage. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 556 (2007).

**A. Plaintiff-Appellant has Stated a Claim for Discrimination Under Title VII.**

"Though the 'initial burden' of pleading the 'because of' element is 'not onerous,'" *Keith v. U.S. Gov't Accountability Off.*, No. 21-cv-2010, 2022 WL 3715776, at *3 (D.D.C. Aug. 29, 2022) (citation omitted; formatting modified), a "plaintiff must 'allege some facts that demonstrate . . . race was the reason for defendant's actions,'" *Doe #1 v. Am. Fed'n of Gov't Emps.*, 554 F. Supp. 3d 75, 102 (D.D.C. 2021) (citation omitted). "Courts in this Circuit 'have consistently recognized the ease with which a plaintiff claiming employment discrimination can survive . . . a motion to dismiss." *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (quoting *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011)). One way that a plaintiff may plead an inference of discrimination is "by showing 'that she was treated differently from similarly situated employees who are not part of the protected class.'" *Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014) (citation omitted). To do so, the plaintiff "must allege some facts to ground a reasonable inference that [she] was in fact similarly situated to comparator employees." *Keith*, 2022 WL 3715776, at *3. The plaintiff, however, does not need

to "nam[e] comparators," or allege "specifics" at the motion to dismiss stage. *Jbari v. District of Columbia*, 304 F. Supp. 3d 201, 209 (D.D.C. 2018) (citation omitted).

The D.C. Circuit recently held that all a plaintiff need establish under Title VII's "plain text" is "that an employer has discriminated against an employee with respect to that employee's 'terms, conditions, or privileges of employment' because of a protected characteristic"—no proof of "objectively tangible harm" is required. *Chambers v. District of Columbia*, 35 F.4th 870, 874–75 (D.C. Cir. 2022) (en banc). But rather than "terms, conditions, or privileges of employment," the text of § 2000e-16(a) prohibits discrimination in "personnel actions affecting employees." Id. *Chambers* held that "terms, conditions, or privileges of employment" include "the transfer of an employee to a new role, unit, or location," and that the phrase "evinced an intent to strike at the entire spectrum of disparate treatment in employment." 35 F.4th at 874. Of course, "the phrase is not without limits"—it may not include "de minimis harms." *Id.* at 874–75. Although "not all changes in work assignments necessarily constitute adverse actions" under *Chambers*, "actions that meet this test include transferring an employee to a new position, firing an employee, decreasing pay," "stripping [an employee] of the duties normally associated with that" position, or giving an employee "significantly different responsibilities." *Yazzie v. Nat'l Org. for Women*, 712 F. Supp. 3d 56, 79 (D.D.C. 2024); *Montgomery v. McDonough*, 682 F. Supp. 3d 1, 11 (D.D.C. 2023); *accord Holmes v. Wash. Metro. Area Transit Auth.*,

No. 22-cv-1478, 2024 WL 864217, at *9 (D.D.C. Feb. 29, 2024) ("suspension, demotion, and docking of pay" "are textbook examples of" adverse actions). A plaintiff may show that race, color, religion, sex, national origin, etc. were "a motivating factor for any employment practice, even though other factors also motivated the practice" (42 U.S.C. § 2000e-2(m)). In *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731, 1739 (2020), the Court held, based on the plain text of Title VII and states in pertinent part: "But the Court did not hesitate to recognize that the employer in *Phillips* discriminated against the plaintiff because of her sex. Sex wasn't the only factor, or maybe even the main factor, but it was one but-for cause—and that was enough. You can call the statute's but-for causation test what you will—expansive, legalistic, the dissents even dismiss it as wooden or literal. But it is the law." Id. The Court clarified that the "but-for" standard should examine whether sex was **A** but-for reason rather than **THE** but-for reason for an employer's decision (140 S. Ct. 1731, 1739 (2020) ("often, events have multiple but-for causes" and an employer "cannot avoid liability just by citing some other factor that contributed to its challenged employment decision"). Here, Defendant discriminated against Plaintiff because of her protected class(es), and she did suffer from adverse employment actions because of it.

Particularly, Plaintiff has shown she was discriminated against based on her religion because her employer showed favoritism to those without religious

exemption requests. *JA0118, JA0123-JA0125*. Although the Plaintiff need not name the comparators specifically, she does indicate that there are comparators who were allowed to work remotely or otherwise be exempt from the Covid-19 policies. *JA0117.* At the motion to dismiss stage, all reasonable inferences must be held in the Plaintiff's favor. Plaintiff's facts assert co-workers, namely military spouses, were approved for the very same accommodation request Plaintiff was requesting. *JA0344-JA0345.*

At this time, it is premature to grant Defendant's Motion to Dismiss because there are more than enough facts, that when taken as true, support the inferences and likelihood of direct evidence and indirect evidence that Plaintiff has presented a prima facie case for discrimination. Plaintiff was treated unfairly and differently than her comparators because of her religion and requests for accommodations related to her disability. Id. Specifically, she was denied to fully remote work and required to adhere to policies that she continued to express caused concerns for her health due to her disability (such as her inability to be vaccinated or tested) simultaneously because of her disability and her religious beliefs. *JA0118, JA0123-JA0125.* As mentioned above, the Court allows for multiple but-for causes and an employer cannot avoid liability by citing multiple factors that contribute to their employment decisions.

Rather than grant her accommodation request, her requests were "paused", and she continued to receive threats via email that she must be vaccinated or suffer termination. *JA0110, JA0115*. At all times, her requests whether religious accommodation or accommodations related to her disability should have been reviewed and assessed through an interactive process so a reasonable accommodation could be found. The fact the Executive Order was not implemented is irrelevant to the fact that reasonable accommodation was requested and denied to the Plaintiff. Id. On June 2, 2022, Dixon received notice that her requests for religious and medical exemptions were denied. *JA0123*. Dixon made a formal complaint to EEO on August 10, 2022. *JA0121, JA0123*. Ultimately, she was forced to constructive discharge as she had no other choice between her religious beliefs and requirements on the job after her request for accommodations was denied. Id, *JA0127.*

**B. Plaintiff-Appellant has Stated a Claim of Discrimination Under the Rehabilitation Act.**

The District Court ignored the facts that Plaintiff is disabled, and her employer was completely aware of such, not only during her hiring and onboarding as an employee but were made aware again when she requested a medical exemption from the COVID-19 vaccine policies, because of her disability. *JA0128.* Specifically, Plaintiff alleges "[she] has a record of a disability as she was hired under Schedule A." Id. Defendant knew Plaintiff suffered from disabilities, including, but not

limited to, respiratory disabilities, sleep disorder, anxiety. Due to her disabilities, she could not adhere to the policies implemented by her employer, and she requested accommodations to work remotely. *JA0128-JA0129.*

The District Court ignored the fact that Plaintiff-Appellant requested to work remote as to avoid needing to enter the building, because her disability made her vulnerable and unable to follow the safety procedures, including, but not limited to, getting covid tested upon entry to the building. Plaintiff-Appellant claimed that Defendant-Appellee violated the Rehabilitation Act by failing to reasonably accommodate her disability by allowing her to work without physically coming into the building. *See* 29 U.S.C. § 794(a); *Solomon v. Vilsack*, 763 F.3d 1, 5 (D.C. Cir. 2014). The Plaintiff-Appellant is not claiming that Covid-19 infection is her specific disability, she is claiming that because of her disabilities she would need accommodations to limit her exposure to Covid-19 and to allow her to work without being required to follow the policies and procedures, such as being tested upon entry into the building. Plaintiff was subjected to harassment, additional scrutiny and ultimately denial of accommodations and further, Plaintiff asserts in the Complaint, "Defendant did not subject non-disabled colleagues to go this level of scrutiny." *JA0129.*

"To state a claim for a violation of the Rehabilitation Act's reasonable accommodation requirements, a plaintiff must allege that '(i) she was disabled . . .

(ii) her employer had notice of her disability; (iii) she was able to perform the essential functions of her job with or without reasonable accommodation; and (iv) her employer denied her request for a reasonable accommodation of that disability.'" *Menoken v. Dhillon*, 975 F.3d 1, 7 (D.C. Cir. 2020) (citation omitted). Plaintiff sufficiently alleged facts stating she is disabled, her employer had notice of her disability, and she was able to perform the essential functions of her job with reasonable accommodations. Finally, the Complaint alleges facts to support that the employer denied her request for a reasonable accommodation, to work remotely, and offered no alternatives or engage in any interactive process to find a reasonable accommodation (however, Plaintiff at all times maintains that the accommodation to work remote was in fact reasonable as she was already successfully working remote).

Reasonable accommodations may include, for example, "making existing facilities used by employees readily accessible," "modified work schedules," or adjusting "training materials or policies." 42 U.S.C. § 12111(9). "It is not sufficient to merely provide a qualified individual with *any* accommodation; the accommodation needs to address the limitation arising from the individual's disability." *Di Lella v. Univ. of D.C. David A. Clarke Sch. of L.*, 570 F. Supp. 2d 1, 8 (D.D.C. 2008). "Whether a provided accommodation is effective or reasonable depends on the facts and circumstances of each case." *Id.* Consequently, courts in

this district have held that "the reasonableness of an accommodation request is typically an inappropriate inquiry at the motion to dismiss stage." *Pappas v. District of Columbia*, 513 F. Supp. 3d 64, 96 (D.D.C. 2021) (citing cases). For example, in *Buie v. Berrien*, 85 F. Supp. 3d 161, 172 (D.D.C. 2015), defendant argued that it accommodated plaintiff's disability by changing her office location to allow her to telework and have a private office, but her other desired accommodations were not reasonable or feasible. The court denied defendant's motion to dismiss, reasoning that "the reasonableness of plaintiff's requests and of the solution she was eventually offered are questions of fact that are inappropriate for resolution on a motion to dismiss." *Id.*

## II. CONCLUSION

The district court erred in holding Ms. Dixon to a higher pleading standard than required by the rules and its interpreting cases. Therefore, the district court's ruling should be reversed and the case remanded to proceed to discovery.

DATED: JANUARY 22, 2025

*/s/* Theresa Kraft, Esq.
Theresa Kraft, Esq.
Wilt Toikka Kraft, LLP
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (603) 568-2464
tkraft@wtk-law.com

*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)**

I hereby certify that this Reply Brief of Appellant complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this document contains 2091 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). Furthermore, I hereby certify that this Reply Brief of Appellant complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/* Theresa Kraft, Esq.

Theresa Kraft, Esq.
Wilt Toikka Kraft, LLP
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (603) 568-2464
tkraft@wtk-law.com

*Counsel for Appellant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, I electronically filed the foregoing using the CM/ECF system, which will send a notification of electronic filing to counsel of record for Appellee.

*/s/* Theresa Kraft, Esq.
Theresa Kraft, Esq.
Wilt Toikka Kraft, LLP
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: (603) 568-2464
tkraft@wtk-law.com

*Counsel for Appellant*